UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TOMMY AURTHOR DAILEY, <br><br> Plaintiff, <br><br> v. <br><br> PENNY LAKE, et al., <br><br> Defendants. | CAUSE NO. 1:23-CV-206-HAB-SLC |

OPINION AND ORDER

Tommy Aurthor Dailey, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dailey alleges he was placed in segregation in the Allen County Jail on April 25, 2023, after he was accused of being involved in a fight with another inmate. Dailey denied he was involved and immediately asked for the videotape to be reviewed. Officer Jeffrey Kroemer reviewed the videotape and insisted he saw Dailey enter and exit the cell, so Officer Noa Woolweever wrote up a disciplinary report based on Officer Kroemer's statements. Dailey filed grievances about the matter, but those grievances

were not resolved. Seven days after being placed in segregation, he was given a disciplinary hearing. The next day Hearing Officer Penny Lake told Dailey she did not see him enter the other inmate's cell on the camera footage, and he was "released" from segregation. ECF 1 at 4. Dailey claims the incident caused him stress. During his time in segregation, he slept on the floor with two other inmates in a "two man cell" and had his privileges—including his ability to make phone calls—revoked. *Id*. He believes his eight-day stay in segregation could have been avoided if Officer Lake or another official had reviewed the videotape sooner. He has sued Hearing Officer Lake, Officer Kroemer, Officer Woolweever, and the Warden of the Allen County Jail for monetary damages.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[I]nmates have no liberty interest in avoiding transfer to discretionary segregation— that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602, 608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v.*

2

*Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 Fed. Appx. 154, 157, n.3 (7th Cir. 2021) (emphasis added), timing plays a part in the analysis, even when conditions are significantly harsher. *See e.g. Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns and stating, "In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial *and* the record reveals that the conditions of confinement are unusually harsh.") (emphasis added); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (finding that up to ninety days in segregation does not affect liberty); *see also Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (recognizing "duration" is a component that plays a part in determining whether a liberty interest exists).

Here, Dailey doesn't allege the duration of his confinement was extended. In fact, he states he wasn't found guilty of any infraction. Rather, he alleges he was placed in the segregation unit during the investigation into the charges and the pendency of the disciplinary proceedings. Although he claims his short stay in segregation caused him stress because he wasn't able to use the phone and had to sleep on the floor in a cell designed for two inmates, these allegations don't amount to an atypical and significant hardship in relation to the ordinary incidents of prison life, especially considering he was moved back to the general population only eight days later. *See Sandin*, 515 U.S. at

484; *Marion*, 559 F.3d at 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases regarding timing); *Lekas*, 405 F.3d at 610–14 (even ninety-day placement in disciplinary segregation where inmate was "prohibited from participating in general population activities," deprived of contact with other inmates, and barred from "educational and work programs" did not trigger due process concerns); *see also McCree v. Sherrod*, 408 F. App'x 990, 992–93 (7th Cir. 2011) (concluding that triple-celling does not automatically violate the Constitution); *Rodmaker v. Krienhop*, no. 4:14-CV-070-TWP-TAB, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) (collecting cases) (sleeping on the floor is not, by itself, a constitutional violation because pretrial detainees have no constitutional right to an elevated bed). Accordingly, Dailey has not stated any Fourteenth Amendment claims regarding his eight-day investigative stay in segregation.

Dailey also complains that his grievances were not reviewed and/or resolved in a timely manner. However, these allegations do not state a claim. *See Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017) ("[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies.") (citing *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009)); *see also Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("Accordingly, a state's inmate grievance

procedures do not give rise to a liberty interest protected by the Due Process Clause."). Therefore, he hasn't stated any claims on this basis either.[1]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint does not state any claims upon which relief may be granted.

SO ORDERED on June 6, 2023.

                                                          s/Holly A. Brady
                                                         JUDGE HOLLY A. BRADY
                                                         UNITED STATES DISTRICT COURT

---

[1] Dailey also filed a motion to amend his complaint. It is not on the proper form, nor does it constitute a complete document. He cannot amend his complaint in a piecemeal fashion because an amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. Moreover, the proposed amended complaint must be on the proper form. *See* N.D. Ind. L.R. 7-6. That said, even if Dailey's proposed amendment was procedurally proper, it would not change the outcome of this case. Dailey claims that on May 15, 2023, the victim of the incident was moved into the same cell block as him. Due to the written incident report, the victim assumed Dailey was involved in the attack, and he didn't realize he wasn't until Dailey informed him so during a verbal altercation. Dailey states the housing placement "could have caused violence against me which violated my Fourteenth Amendment right" because the disciplinary hearing officer didn't review the video footage in a timely manner. ECF 3-1. He doesn't allege he was injured by the victim or any other offender. These allegations do not state a claim.