UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TOMMY AURTHOR DAILEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-206-HAB-SLC |
| PENNY LAKE, et al., | |
| Defendants. | |

OPINION AND ORDER

Tommy Aurthor Dailey, a prisoner without a lawyer, filed a complaint alleging his rights were violated when he was placed in a segregation unit in the Allen County Jail for eight days after he was accused of being involved in a fight with another inmate. ECF 1. The court screened that complaint and dismissed it pursuant to 28 U.S.C. § 1915A because it did not state any claims upon which relief may be granted. ECF 5. Dailey has filed a motion to amend his complaint in this closed case. ECF 7. Whether analyzed as an amended complaint under 28 U.S.C. 1915A, viewed as a motion requesting leave to amend, or construed as a request to reconsider pursuant to Fed. R. Civ. P. 59(e),[1] the result is the same—Dailey may not proceed.

---

[1] Under § 1915A, the court must dismiss a complaint if it fails to state a claim upon which relief may be granted, and to proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion for leave to amend may be denied if the amendment is futile. *See e.g., Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). With regard to a motion to reconsider, "[a] court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Dailey's amended complaint names the same defendants and describes the same conduct he alleged in his original complaint. *See* ECF 7-1. In short, he was placed in administrative segregation after being accused of fighting with another inmate. He immediately protested his innocence by asking officers to review the video footage, but he was still written up. Despite filing grievances and asking the hearing officer to assess the matter quickly, he was held in administrative segregation for eight days before being found "not guilty" at a hearing and released back into general population the next day. Dailey stresses that his complaint is about the lack of process he received—including being placed in segregation before he received the investigation/confinement report, not receiving a hearing report until "way after 24 hrs," learning of "ridiculous charges" at the hearing that were not in the initial report, and the "serious systemic issue" with the Jail's disciplinary policies in general—but "not about the 8-days I stay[ed] in segregation." ECF 7-1 at 2–3. He has sued the defendants for monetary damages.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[I]nmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602,

2

608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v. Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 Fed. Appx. 154, 157, n.3 (7th Cir. 2021) (emphasis added), timing plays a part in the analysis, even when conditions are significantly harsher. *See e.g. Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns and stating, "In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial *and* the record reveals that the conditions of confinement are unusually harsh.") (emphasis added); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (finding that up to ninety days in segregation does not affect liberty); *see also Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (recognizing "duration" is a component that plays a part in determining whether a liberty interest exists).

As noted in the court's prior dismissal order, Dailey doesn't allege the duration of his confinement was extended—in fact, he acknowledges he wasn't found guilty of any infraction. Moreover, he explicitly states his claims aren't about the eight days he spent in segregation, and, in any event, the allegations regarding that short stay don't

3

amount to an atypical and significant hardship. *See Sandin*, 515 U.S. at 484; *Marion*, 559 F.3d at 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases regarding timing); *Lekas*, 405 F.3d at 610–14; *see also McCree v. Sherrod*, 408 F. App'x 990, 992–93 (7th Cir. 2011); *Rodmaker v. Krienhop*, no. 4:14-CV-070-TWP-TAB, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) (collecting cases). Accordingly, Dailey has not stated any Fourteenth Amendment claims regarding his eight-day investigative stay in segregation.

To the extent he is claiming a violation of the Jail's policies and procedures or other state law, this does not give rise to a claim against any of the defendants under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Finally, Dailey's allegations that his grievances were not reviewed and/or resolved in a timely manner do not state a claim. *See Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017) ("[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies.") (citing *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009)); *see also Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

In sum, Dailey hasn't stated any viable claims in either his original or amended complaint, nor has he provided any other reason why this case should be allowed to

proceed. Nothing in the record establishes that a manifest error of law or fact occurred when this case was dismissed.

For these reasons, the motion (ECF 7) is DENIED. This case, which was dismissed pursuant to 28 U.S.C. § 1915A because it does not bring any claims upon which relief may be granted, REMAINS CLOSED.

SO ORDERED on July 26, 2023.

s/Holly A. Brady<br>
CHIEF JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT